# 13-1950

## United States Court of Appeals
## for the Second Circuit

In re: Shahara Khan.

*Debtor.*

Debra Kramer, as Trustee of the Estate of Shahara Khan,

*Plaintiff-Appellee.*

-against-

Tozammel H. Mahia, Karamvir Dahiya.

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

PLAINTIFF-APPELLEE'S BRIEF

AVRUM J. ROSEN, ESQ.
LAW OFFICES OF AVRUM J. ROSEN, PLLC
Attorneys for the Plaintiff-Appellee
38 New Street
Huntington, New York 11743
(631) 423-8527

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES ON APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POINT I

WITHDRAWAL OF REFERENCE IS NOT REQUIRED . . . . . . . . . . . . . . . . . . 8

POINT II

BELATED DEMAND FOR JURY TRIAL
DOES NOT REQUIRE WITHDRAWAL OF REFERENCE . . . . . . . . . . . . . . . 13

    A.    Appellant Waived His Right to a Trial by Jury . . . . . . . . . . . . . . . . 13

    B.    Appellant's Late-Filed Answer to Plaintiff's Amended Complaint
          Does Not Create New Right to Jury Trial . . . . . . . . . . . . . . . . . . . . 16

    C.    The Balance of Appellant's Contentions Lack Merit . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATION PURSUANT TO
Fed. R. App. P. 32(a)(7)(B) and (C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF AUTHORITIES

<u>*Pages*</u>

## <u>CASES</u>

*In re Burger Boys, Inc.,* 94 F.3d 755, 762 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . 11

*Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Int'l Ltd.,* 905 F. Supp. 2d 526, 2012 WL 5464619 at \*4 (S.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Executive Benefits Ins. Agency v. Arkinson,* (Docket No. 12-1200) 2013 WL 3155257 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*In re Bellingham Insurance Agency, Inc.,* 702 F.3d 553 (CA 9-Wash. 2012) . . . 20

*Granfinanciera S.A. v. Nordberg,* 492 U.S. 33 (1989) . . . . . . . . . . . . . . . . . . 15,16

*In re Global Aviation Holdings Inc.,* 496 B.R. 284 (E.D.N.Y. July 26, 2013) . . 12

*Investor Prot. Corp.,* 2013 U.S. Dist. LEXIS 2517 . . . . . . . . . . . . . . . . . . . . . . . 11

*Katchen v. Landy,* 382 U.S. 323 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Kirschner v. Agoglia,* 476 B.R. 75, 83 (S.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . 11

*Debra Kramer v. Tozammel H. Mahia,* 11-AP-1520-ESS . . . . . . . . . . . . . . . . . 3

*Kramer v. Mahia,* 2013 U.S.Dist. Lexis 55728 (E.D.N.Y. 2013) . . . . . . . . . . . 10

*Lapin v. Goldman Sachs Group, Inc.,* 506 F. Supp. 2d 221 (S.D.N.Y. 2006) . . . 17

*Langenkamp v. Culp,* 498 U.S. 42 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15,16

*Lanza v. Drexel & Co.,* 479 F.2d 1277,1310-11 (2d Cir. 1973) . . . . . . . . . . 17,18

*Lehman Brothers Holdings Inc. v. JP Morgan Chase Bank, N.A.,* 480 B.R. 179

(S.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Lyondell Chem. Co.,* 467 B.R. 712, 723-24 (S.D.N.Y. 2012) . . . . . . . . . . 12

*McCarthy v. Bronson,* 906 F.2d 835 (2nd Cir, 1990) . . . . . . . . . . . . . . . . . . . . . 17

*McCarthy v. Bronson,* 500 U.S. 136 (1991) . . . . . . . . . . . . . . . . . . . . . . . . 20

*In re Mindeco Corp.,* 212 B.R. 447 (E.D.N.Y. 1997) . . . . . . . . . . . . . . . . . 15,16

*Moore v. United States,* 196 F.2d 906, 908 (5th Cir. 1952) . . . . . . . . . . . . . . . . . 18

*Murray v. Richmond Steel & Welding Co. (In re Hudson),*
170 B.R. 868, 874-75 (E.D.N.C. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Nisselson v. Salim,* 2013 U.S. Dist. LEXIS 42556 (S.D.N.Y. 2013) . . . . . . . . . 12

*In re Orion Pictures Corp.,* 4 F.3d 1095 (2d Cir. 1993) . . . . . . . . . . . . . . . . 9,11

*Stern v. Marshall,* 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) . . . . . . . . . 8,9,10,20

*Walker, Truesdell, Roth & Assocs. v. Blackstone Group, L.P. (In re Extended Stay,
Inc.),* 466 B.R. 188, 206-07, 2011 U.S. Dist. LEXIS 131349 (S.D.N.Y. 2011)*(In re
Extended Stay)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc.,* 440 F.2d 765,
769 (2d Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

iii

## STATUTES

11 U.S.C. § 105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
11 U.S.C. § 542 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
11 U.S.C. § 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
11 U.S.C. § 550 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
11 U.S.C. § 551 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
18 U.S.C. § 1927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
28 U.S.C. § 157(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
28 U.S.C. § 157(b)(2)(H) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,20
New York Debtor and Creditor Law 11 U.S.C. § 270 et seq. . . . . . . . . . . . . . . 4

## RULES

Fed. R. Bankr. P. 5011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Fed. R. Bankr. P. 7001, *et. seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Fed. R. Bankr. P. 9015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Fed. R. Civil P. 5(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Fed. R. Civil P. 38 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,13,14,17,18
Fed. R. Civil P. 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
E.D.N.Y. Loc. Bankr. R. 5011-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## ORDERS

Memorandum and Order of United States District Court (E.D.N.Y.)
dated April 15, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

Order of the United States Bankruptcy Court (E.D.N.Y.)
dated March 11, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

Order of the United States District Court (E.D.N.Y.)
dated January 9, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In the Matter of The Referral of Matters to the Bankruptcy Judges*, dated
December 5, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## <u>OTHER AUTHORITIES</u>

*Laura B. Bartell, Contempt for the Bankruptcy Court - a New Look*, 1996 U.Ill.
L.Rev. 1, 54 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## PRELIMINARY STATEMENT

This appeal concerns the Memorandum and Order dated April 15, 2013, by Dora L. Irizarry, United States District Judge for the Eastern District of New York, denying two motions to withdraw the reference to the U.S. Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") pursuant to 28 U.S.C. sec. 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Bankruptcy Rules for the Eastern District of New York, namely (1) a motion by the Defendant Tozzammel H. Mahia ("Defendant" and/or "Appellant" and/or "Mahia") to withdraw the reference of an adversary proceeding pending in the Bankruptcy Court; and (2) a motion by the Defendant and his Counsel Karamivir Dahiya ("Dahiya") to withdraw the reference of a sanctions motion brought by Debra Kramer, as Chapter 7 Trustee and Plaintiff in the adversary proceeding. In addition, the District Court denied as moot, the Defendant's Order to Show Cause for a preliminary injunction staying the adversary proceeding and enjoining the Sanction Order. The District Court entered one Memorandum and Order resolving the two separate motions to withdraw the reference.

To further complicate matters, two separate appeals of the same Memorandum and Order were filed in Court of Appeals, Second Circuit. The

1

instant appeal under Docket Number 13-1950 appeals the denial of the motion to withdraw the reference of the Adversary Proceeding. The other appeal under Docket Number 13-1930 appeals the denial of the motion to withdraw the reference of the motion for sanctions[1]. It is respectfully submitted that these two appeals are related given that they stem from the same underlying Memorandum and Order appealed from and should be heard together. The Appellee's brief in connection with Docket Number 13-1930 is not due until February 13, 2014. For the sake of judicial economy, it is requested that oral argument on both appeals be held together, given the overlap of issues and that the sanctions motion was brought in connection with the underlying Adversary Proceeding, both of which were the subject of a motion to withdraw the reference to the Bankruptcy Court.

## STATEMENT OF FACTS

As summarized by District Court Judge Dora Irizarry in her Memorandum and Order, on November 19, 2012, the Defendant and Dahiya moved to withdraw the reference to the Bankruptcy Court of a motion for sanctions brought against Dahiya and his firm, Dahiya Law Offices LLC (the "Sanctions Motion") in an

---

[1] Notwithstanding that Appellant filed a separate appeal as to that portion of the District Court decision addressing the sanctions motion, Appellant takes the opportunity at the conclusion of the brief filed in the instant appeal to insinuate that the Chapter 7 Trustee used the sanctions motions against Defendant's counsel in order to coerce a settlement. First, the Defendant was not named in the sanctions motion. Second, as reflected in the record on appeal, it was Mr. Dahiya's own conduct, both obstructive and dilatory that was the basis for filing a sanctions motion. Appellee's Appendix at AA005-006; AA010-016; AA025-027; AA033-034; AA038-039; AA049-052; AA060-063; AA070-077; AA087-105.

adversary proceeding pending in the Bankruptcy Court entitled *Debra Kramer v. Tozammel H. Mahia*, 11-AP-1520-ESS (the "Adversary Proceeding") and pending before the District Court under 12-MC-794.    On December 5, 2012, the Defendant filed a separate motion to withdraw the reference to the Bankruptcy Court of the Adversary Proceeding itself which motion was filed under a separate docket number 12-MC-832.    In addition, on April 10, 2012, Dahiya, on behalf of the Defendant, filed an Order to Show Cause in the District Court for a preliminary injunction to stay the Adversary Proceeding in the Bankruptcy Court and enjoin the Bankruptcy Court's March 11, 2013 order imposing sanctions (the "Sanctions Order") against Dahiya, pending the determination of the motions for withdrawal of the reference.

Notwithstanding that the two motions to withdraw the reference were related, the Defendant and Dahiya failed to so indicate and the motions were assigned to two different judges with two separate docket numbers.  By Order dated January 9, 2013, the Honorable Carol B. Amon, Chief Judge of the U.S. District Court for the Eastern District of New York reassigned the matters to Judge Irizarry who issued a single Memorandum and Order.

The underlying factual history of what transpired below is set forth in the Appellee's Opposition to the Motion to Withdraw the Reference, Appellant's

3

Appendix at pages A135 to A147, and is incorporated herein.

The instant appeal questions whether it was improper to deny the motion to withdraw the reference of the Adversary Proceeding and whether the District Court should be the finder of fact and hear and determine the issues raised in the underlying Adversary Proceeding, which was commenced in the Bankruptcy Court by Debra Kramer, the Chapter 7 Trustee by Complaint dated December 3, 2011. The statutory predicates for the relief sought in the Complaint are 11 U.S.C. §§ 542, 544, 550 and 551, New York Debtor and Creditor Law §§ 270 *et. seq.* ("NYDCL"), Bankruptcy Rules 7001 *et. seq.,* and common law principles of fraud and unjust enrichment.

The underlying action is a fraudulent conveyance action. The original Complaint sought to recover alleged fraudulent conveyances from Tozammel H. Mahia based on the fact that Mr. Mahia received the sum $106,761.00 consisting of the proceeds realized from the sale of premises known as 87-27 110th Street, Richmond Hill, New York 11418 (the "Richmond Hill Property"), in which the Defendant to the Adversary Proceeding, along with the Debtor and a third party Shamsum N. Rimi, each held a one-third (1/3) interest[2], as of April 3, 2007, and conveyed their interest in the Richmond Hill Property to Jany Sikder.

---

[2] The Trustee subsequently learned that the Debtor had only a 25% interest in the property and reduced the amount sought on that allegation in an Amended Complaint.

4

Accordingly, the Debtor should have received $35,587.00[3] as her respective share of the sale proceeds. Upon information and belief, and based upon the review of the closing documents from the sale of the Richmond Hill Property, the Debtor did not receive any proceeds from the sale. Instead, the Defendant received all of the net sales proceeds.

The Defendant Tozammel H. Mahia initially defaulted in answering the Complaint. At the initial pre-trial conference before Bankruptcy Judge Stong, the Appellant met Mr. Dahiya for the first time in the courtroom. Mr. Dahiya and his firm, the Dahiya Law Firm, appeared in the case and sought, and obtained, an extension of time to file an answer (the "Answer") to the Complaint. The Answer, with counterclaims against the Trustee, was filed several days after the Bankruptcy Court-ordered deadline.

The counterclaims sought damages against the Trustee on a multitude of claims. This was the second time that Mr. Dahiya had brought baseless claims against this Trustee and the fifth time that he had sued a trustee on these same allegations. The Trustee, by and through her counsel, requested that Mr. Dahiya withdraw his baseless counterclaims. He refused. Accordingly, this firm, on behalf of the Trustee, brought a motion for sanctions against Mr. Dahiya and his

---

[3] This amount was increased in the Amended Complaint based upon the subsequent discovery of additional proceeds were not paid to the Debtor.

law firm, pursuant to 18 U.S.C §1927 and 11 U.S.C. §105, Appellee's Appendix at 087-220.

The Appellant has referenced documents and events that transpired subsequent to the decision under review. On or about March 25, 2013, after discovery was conducted and a deposition of the Defendant was held wherein it was ascertained that the Debtor had a one-quarter (1/4) interest in the Richmond Hill Property instead of a one-third (1/3) interest, the Plaintiff in the Adversary Proceeding filed an Amended Complaint adding additional causes of action for recovery under the New York Debtor and Creditor Laws to set aside both a transfer of proceeds of the sale of the Richmond Hill Property in the reduced amount of $26,690.25 and the transfer of additional proceeds as a result of monies fraudulently conveyed during a mortgage refinance in the sum of $150,000.00, of which the Debtor's one-quarter (1/4) interest was $37,500.00, for a total transfer in the amount of $64,190.25. The Defendant, again, failed to answer or timely move with respect to the Amended Complaint (Appellee's Appendix at AA221-223). On or about April 29, 2013, the Defendant filed an Answer to the Amended Complaint which Answer contained an untimely jury demand. As is set forth more fully below, under FRCP 38, a jury demand must be made within fourteen (14) days after the last pleading directed to the issue is served, which would have

6

been on or before April 8, 2013. An Affidavit of Service of the Answer to the Amended Complaint was filed with the Court on April 30, 2013. Notwithstanding that the Amended Complaint and Answer to the Amended Complaint were not part of the Record before the District Court, Appellant includes these documents in the Appendix to the instant appeal. Only material that is part of the record on appeal may be included in the Appendix. It is respectfully submitted that any documents filed after the motion to withdraw the reference was fully submitted to the District Court is *dehors* the record and should be stricken from the instant Appendix of Defendant-Appellant Tozammel Mahia. To the extent they are not stricken, they are addressed briefly *supra*.

**ISSUES ON APPEAL**

1.   Whether or not the Bankruptcy Court may hear a case in the first instance and recommend proposed findings of fact and conclusions of law?[4]

2.   Whether or not the Appellant waived his right to a jury demand?

---

[4] It is questionable if this appeal is even ripe for review as it was denied without prejudice until after the proposed findings of fact and conclusions of law are filed by the Appellant (Appellant's Appendix at A12).

7

# ARGUMENT

## POINT I

## WITHDRAWAL OF REFERENCE IS NOT REQUIRED

Appellant questions whether the Bankruptcy Court may hear a case in the first instance and recommend proposed findings of fact and conclusions of law. The Judges of the Eastern District of New York have already considered the impact of *Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) and have issued a Standing Order, *In the Matter of The Referral of Matters to the Bankruptcy Judges*, dated December 5, 2012, wherein all "core" matters shall be heard by the Bankruptcy Court and that Court shall submit proposed findings of fact and conclusions of law. The Standing Order states that it applies to all cases "unless the District Court orders otherwise." Appellant spends much time discussing the propriety of this Rule. However, it should be noted that while the Court below discussed the rule, it did not rely upon that Rule in rendering its decision.

There are compelling reasons why this case should remain in the Bankruptcy Court. The case has been pending for approximately two years. Mr. Dahiya has either ignored or responded late to every Order issued by the Court. (Appellant's Appendix at A75, Dock. No. 5, 8; A78, Dock. No. 21; A79, Dock.

No. 24, 25; A80, Dock. No. 28; A81, Dock. No. 34, 35; A82, Dock. No. 38, 39;

A83, Dock. No. 40, 43; A84, Docket No. 47; A86, Dock. No. 54, 56; A83, Dock.

No. 40, 43; A84, Dock. No. 47; A86, Dock. No. 54, 56, 57, 58; A91, Dock. No.

76, 79; A93, Dock. No. 92; A94, Dock. No. 96). The Bankruptcy Judge in this

case is intimately familiar with the case and the nature of the proceedings.   That

Judge has given Mr. Dahiya multiple adjournments and has supervised the case

while he has engaged in questionable ethical maneuvers in seeking to be rehired as

counsel to the Defendant that had discharged him while sanctions were pending

against him. (Appellant's Appendix at A132-133). He has reneged on settlements

agreed to in open Court (Appellant's Appendix at A130-131) and has acted

unprofessionally on multiple occasions including an outrageous letter motion for

recusal (Appellant's Appendix at A126-129). This is forum shopping at its best, or

worst, under the guise of questioning the court's constitutional authority.   Despite

the comments of the District Court as to these tactics, they have continued

unabated. (Appellant's Appendix A15-16, footnote 7).

A.      Post-*Stern* and Analysis Under *Orion* Factors

The Supreme Court emphasized in *Stern*, a finding that a matter is core does

not ensure that the bankruptcy court has the constitutional authority to adjudicate

it. Rather, in its capacity as a legislatively-created court falling outside of Article

III of the Constitution, the bankruptcy courts may enter final judgment only "(1) if the claim involves a public right; (2) the process of adjudicating the creditor's proof of claim would resolve a counterclaim; or (3) if the parties consent to final adjudication by the bankruptcy court." *Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Int'l Ltd.,* 905 F. Supp. 2d 526, 2012 WL 5464619 at *4 (S.D.N.Y. 2012) (citing *Stern,* 131 S. Ct. at 2608). While *Stern* indeed limits the universe of cases properly finalized by the bankruptcy courts, the Supreme Court emphasized that its holding was a "narrow" one that did not "meaningfully change[ ] the division of labor" between bankruptcy courts and district courts. *Stern,* 131 S. Ct. at 2620.

The Court below found that the instant adversary proceeding based on a fraudulent conveyance action was a core proceeding under 11 U.S.C. sec 157(b)(2)(H), and it did not fall under any of the exceptions to the *Stern* analysis.   The Court then turned to cases in the Second Circuit that held that the Bankruptcy Court may "nonetheless hear the case in the first instance and recommend proposed findings of fact and conclusions of law" and, therefore, need not withdraw a case referred to the Bankruptcy Court "for cause shown" before the Bankruptcy Court makes its report and recommendation.  *Kramer v. Mahia*, 2013 U.S.Dist. Lexis 55728 at *15 (E.D.N.Y. 2013) citing,

10

*Investor Prot. Corp.,* 2013 U.S. Dist. LEXIS 2517.   Judge Irizarry turned to considerations of judicial efficiency, economical use of the parties' resources, forum shopping, and expediting the bankruptcy proceeding and concluded that based upon the specific facts of the case and the procedural history of the adversary proceeding, they weighed heavily against withdrawing the reference. *Id.* at *16.  The District Court turned to the *Orion* factors in reaching such conclusion.  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) including (1) whether the claim [or proceeding] is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.   *See Lehman brothers Holdings Inc. v. JP Morgan Chase Bank, N.A.,* 480 B.R. 179 (S.D.N.Y. 2012) citing, *Kirschner v. Agoglia,* 476 B.R. 75, 83 (S.D.N.Y. 2012) (quoting *In re Burger Boys, Inc.,* 94 F.3d 755, 762 (2d Cir. 1996) (paraphrasing *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir. 1993).

Recent cases in this Second Circuit have similarly denied motions to withdraw the reference where there appeared to be forum shopping by litigants and where hearing core matters in a district court would be an inefficient

11

allocation of judicial resources. *See In re Global Aviation Holdings Inc.,* 496 B.R. 284 (E.D.N.Y. July 26, 2013) citing *Nisselson v. Salim,* 2013 U.S. Dist. LEXIS 42556 (S.D.N.Y. 2013) (denying motion to withdraw reference of avoidance claim despite bankruptcy court's lack of constitutional authority to enter final judgment where bankruptcy court had lengthy experience administering the estate, knowledge of the subject matter of the particular claim at issue, and greater familiarity with avoidance claims generally); *In re Lyondell Chem. Co.,* 467 B.R. 712, 723-24 (S.D.N.Y. 2012) (denying motion to withdraw reference of non-core matter where bankruptcy court had begun overseeing discovery and addressing several motions); *Walker, Truesdell, Roth & Assocs. v. Blackstone Group, L.P. (In re Extended Stay, Inc.),* 466 B.R. 188, 206-07, 2011 U.S. Dist. LEXIS 131349 (S.D.N.Y. 2011)(denying motion to withdraw reference of core proceedings where bankruptcy court had administered estate for over two years and was familiar with the extensive record).  In this case, the Docket annexed to Appellant's Appendix at A73-103, shows over 129 docket entries in this simple fraudulent conveyance action spanning over two years.  It is clear that the Bankruptcy Court has great familiarity with this matter and the attorneys involved.  That is why the Appellant's counsel is desperate to escape from the consequences of his own dilatory tactics, and seeks a different forum.

## POINT II

## BELATED DEMAND FOR JURY TRIAL
## <u>DOES NOT REQUIRE WITHDRAWAL OF REFERENCE</u>

### A. Appellant Waived His Right to a Trial by Jury

Appellant waived his right to a trial by jury by: (i) failing to timely file and serve a written request for a jury demand as required by Bankruptcy Rule 9015; (ii) failing to serve the Demand; and (iii) by asserting non-compulsory counterclaims against the Trustee, thereby submitting to the equitable jurisdiction of the Bankruptcy Court.

Federal Rule of Bankruptcy Procedure 9015, which makes applicable Federal Rule of Civil Procedure 38 to bankruptcy proceedings requires that a written demand for a jury trial be served and filed no later than fourteen (14) days after the last pleading directed to the issue is served and the demand must be filed in accordance with Rule 5(d).   *See,* Fed. R. Civ. P. 38(b).   Specifically, Bankruptcy Rule 9015 states, in pertinent part:

> (b)   DEMAND.   On any issue triable of right by a jury, a party may demand a jury trial by:
> (1)   serving the other parties with a written demand - which may be included in a pleading - no later than fourteen (14) days after the last pleading directed to the issue as served; and
> (2)   filing the demand in accordance with Rule 5(d).

13

The Appellant failed to timely file an Answer to the Complaint and therefore the last pleading directed to the issue was the Complaint. The Summons was issued on December 5, 2011, and the Summons and Complaint were served on December 7, 2011. Thus, a demand for a jury trial would be timely only if made prior to January 4, 2012, the date the Answer was due on January. At the latest, the Demand for a Jury Trial was due on January 4, 2012. Giving all benefit of the doubt to the Defendant, the time to file an Answer, and with it, a Jury Demand, was extended, *nunc pro tunc* on January 25, 2012, from January 4, 2012 to January 31, 2012. (Appellant's Appendix A75, Dock. Nos. 5, 6). Since no demand for a jury trial was made within that time, the Appellant waived his right to the trial by jury. The Answer and Purported Jury Demand was not filed until February 7, 2012. Indeed, a review of the Docket reveals that the Appellant never actually served a demand for a jury trial on the Plaintiff as required by Fed. R. Civ. P. 38(b)(1). Appellant's statement in his Brief that it was served, although no affidavit of Service was ever filed does not controvert that fact. A review of the Bankruptcy Court docket shows that the Appellant merely filed an Answer containing a jury demand but never served the Answer on the Plaintiff. Although failure to serve and file a timely jury demand waives the right to a jury trial, the trial court has the discretion upon a motion to order a jury trial under Rule 39(b).

However, this decision is discretionary with the trial court. Appellant never filed such a motion for a jury trial after the deadline for serving and filing the jury demand had passed.

In addition, the Defendant's filing of an answer, containing several counterclaims, invoked the Bankruptcy Court's equitable jurisdiction thereby waiving his right to a jury trial. *See In re Mindeco Corp.*, 212 B.R. 447 (E.D.N.Y. 1997). In *Mindeco*, the trustee brought an adversary proceeding against the defendant seeking to avoid the defendant's interest in the debtor's property pursuant to New York Debtor and Creditor Law, or in the alternative, to equitably subordinate the defendant's security interest to the general unsecured claims. The defendant interposed two counterclaims against the estate. The defendant then made a motion to the district court for withdrawal of the reference with respect to the adversary proceeding for pretrial and trial purposes. The district court, in analyzing the issue, began by noting that "[t]he question of waiver of a jury trial turns upon the interpretation of the Supreme Court cases, *Katchen v. Landy*, 382 U.S. 323 (1966); *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989); and *Langenkamp v. Culp*, 498 U.S. 42 (1990)." *In re Mindeco Corp.*, 212 B.R. at 450.

While these cases generally stand for the proposition that a creditor, by

filing a proof of claim, voluntarily submits to the equitable jurisdiction of the bankruptcy court, "this logic has been extended to a variety of other contexts, including the filing of counterclaims." *See In re Mindeco*, 212 B.R. 447 at 450, citing, *inter alia, Murray v. Richmond Steel & Welding Co. (In re Hudson)*, 170 B.R. 868, 874-75 (E.D.N.C. 1994) (filing a counterclaim in a trustee's suit); *Laura B. Bartell, Contempt for the Bankruptcy Court - a New Look*, 1996 U.Ill. L.Rev. 1, 54 (recognizing that "courts gradually have expanded the *Granfinanciera Langenkamp* rationale . . . [and] have extrapolated from the "voluntary" act of filing a claim in bankruptcy to find that other actions by creditors - such as seeking court approval of a post-petition transaction or, [as in this case,] filing a counterclaim to the trustee's suit - and even actions by a debtor involuntarily seeking bankruptcy protection also resulted in a relinquishment of a right to a jury trial". Thus, since the Defendant in this case voluntarily filed a counterclaim against the bankruptcy estate, he relinquished his right to a jury trial making the withdrawal of the reference unwarranted.

## B. Appellant's Late-Filed Answer to Plaintiff's Amended Complaint Does Not Create New Right to Jury Trial

Defendant now argues that because Plaintiff filed an Amended Complaint, it resurrected his right to demand trial by jury and because his Answer to the Amended Complaint contained a jury demand, the Defendant has a right to jury

trial.   In the Memorandum and Order that is the subject of the instant appeal, the District Court determined that Defendant had not timely complied with the requirements of FRCP 38 and that his jury demand was untimely.   Therefore, at best, Defendant would have had a right to demand a trial by jury only as to the new causes of action as alleged in the Amended Complaint. The Amended Complaint did not allege any different cause of action from the original complaint, it merely asserted additional damages from the initial fraudulent conveyance and *reduced* one of the claims against the defendant.   Indeed, the case upon which the Appellant relies, *McCarthy v. Bronson,* 906 F.2d 835, 840 (2nd Cir, 1990) actually supports the Appellee's contention. In that case, the Second Circuit agreed with the District Court's holding that "plaintiff was not entitled to a jury trial; he relied upon the absence of a timely jury demand, see Fed.R.Civ. P. 38(b), (d), and noted that the right to a jury trial, once waived, is not revived by an amended complaint that raises no new issues.   See, *Lanza v. Drexel & Co.*, 479 F.2d 1277, (2d Cir. 1973)(*In banc.)* superseded by statute as stated in *Lapin v. Goldman Sachs Group, Inc.*, 506 F. Supp. 2d 221 (S.D.N.Y. 2006).

In *Lanza, supra* at 1310-11, Defendant-Appellant appealed the denial of his demand for a trial by jury following an initial waiver of that right. The original complaint contained no demand for a jury trial. Defendant did not make a timely demand for a jury trial, and his failure to do so constituted a waiver of the right to a trial by jury.   Fed R. Civ. P. 38(d). The court then granted plaintiffs leave to file an amended complaint.   Within ten days of the filing of the amended complaint

Defendant filed a demand for a jury trial. Defendant moved for an order transferring the case from the non-jury to the jury calendar "pursuant to timely demand. . . ." The motion was denied on the ground that plaintiffs' "amendment did not introduce a new issue or change the nature of the action." Thereafter, plaintiffs further amended the complaint to allege that the defendants' conduct violated Section 17(a) of the Securities Act of 1933 and to demand punitive damages. Defendant then filed an answer demanding a jury trial.

The Court found that under Rule 38(b), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint. If the original complaint is subsequently amended, the right to demand a jury trial is revived in an action such as this only if the amendment changes the issues. *Lanza,* citing, *Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc.*, 440 F.2d 765, 769 (2d Cir. 1971). The Court ruled that The amendments did not raise new issues within the meaning of Rule 38 such as would entitle defendant to demand a jury trial as of right. The case involved, and the original complaint raised, one basic issue: Whether plaintiffs were fraudulently induced to exchange their stock. The Court found that:

> "[Defendant's]…failure to demand a jury trial waived his right as to all issues relating to this general area of dispute. The amendment added no new issues. The willfulness and falsity as of a particular date merely clarified "the same general issues" raised in the original complaint. *Moore v. United States,* 196 F.2d 906, 908 (5th Cir. 1952). Kircher had been put on notice of the underlying facts and basic legal theory -- fraud -- upon which plaintiffs sought relief, and the character of the suit was in no way changed by the amendments.

Even assuming, however, that the issues of willfulness and falsity as of a particular date might have been "new" had they not been alleged in the original complaint, we think that complaint is sufficiently broad to be fairly construed as including both these issues."

As noted, in the instant action, the Amended Complaint actually reduced the percentage of the proceeds sought to be recovered and added an additional fraudulent conveyance from the same transaction that the Defendant admitted to at his deposition. This case is directly on point with the case at bar. The Appellant waived his right to a jury trial on multiple occasions.

Appellant lost that right, again, when he filed his Amended Answer late. The Deadline to file an Answer to the Amended Complaint was on or before April 8, 2013 (Appellee's Appendix at AA221-223). An Affidavit of Service of the Answer to the Amended Complaint was filed with the Court on April 30, 2013 (Appellant's Appendix atA94, Dock. No. 96. 97), approximately three (3) weeks after the deadline. The delays and excuses cannot be countenanced and demonstrate a pattern of callousness and disregard for the rules imposed, rules which provide strict litigation deadlines that must be adhered to. To accept Appellant's argument would be to reward ignoring the Federal Rules, and in this case, a direct order from the Court to file an answer before a specified date.

## C. The Balance of the Appellant's Contentions Lack Merit

The balance of the Appellant's contentions are meritless on their face.   The argument under the Appointment Clause is absurd.   *Stern* clearly reiterated the existence of the Bankruptcy Court and Bankruptcy Judges' jurisdiction.   The affirmance by the United States Supreme Court in *McCarthy*, clearly established that Congress could delegate matters to Article I judges for reports and recommendations to District Court Judges, even where there was a valid jury demand.   *McCarthy v. Bronson*, 500 U.S. 136 (1991).

Of course, this issue is presently before the Supreme Court[5], *Executive Benefits Ins. Agency v. Arkinson*, Docket No12-1200), 2013 WL 3155257, cited below as, *In re Bellingham Insurance Agency, Inc.,* 702 F.3d 553 (CA 9-Wash. 2012), wherein the Ninth Circuit held that Bankruptcy Courts could enter proposed findings of fact and conclusions of law on state fraudulent conveyance actions.   Appellee respectfully asserts that the Ninth Circuit Court reached the correct conclusion.

The Appellant waived his right to a jury demand on several occasions.   The District Court, in a thorough and well-reasoned decision went through each factor and determined that denial of the motion to withdraw the reference was appropriate.

---

[5] The U.S. Supreme Court on June 24, 2013, granted *certiorari* in a case dealing with the questions of whether Article III of the U.S. Constitution permits the exercise of the judicial power of the United States by bankruptcy courts on the basis of litigant consent and whether a bankruptcycourt may submit proposed findings of fact and conclusions of law for *de novo* review by a district court in a "core" proceeding under 28 U.S. Code Section 157(b) (<u>Executive Benefits Insurance Agency v. Arkinson</u> No. 12-1200, U.S. Sup.)

## **CONCLUSION**

The instant appeal must be denied in its entirety and the Memorandum and Order of Dora L. Irizarry, United States District Judge, dated April 15, 2013 be affirmed.


Dated:          Huntington, New York
                December 20, 2013


                              The Law Offices of Avrum J. Rosen, PLLC
                              Attorneys for Appellee Debra Kramer, Esq.


                BY:       */s/Avrum J. Rosen*
                          Avrum J. Rosen
                          38 New Street
                          Huntington, New York 11743
                          (631) 423-8527

CERTIFICATION PURSUANT TO
Fed. R. App. P. 32(a)(7)(B) and (C)


The undersigned hereby certifies that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and (C) because the brief contains 21 pages and 4,585 words of text.

The brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements fo Fed. R. App. P. 32(a)(6) because this brief was prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, Size 14.

Dated:        December 20, 2013


                              */s/ Avrum J. Rosen*
                              Avrum J. Rosen, Esq.